UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DORIS GANZY and <br> JOHN GANZY, <br><br>     Plaintiffs, <br><br>   vs. <br><br> WYETH, a/k/a Wyeth, Inc., <br> f/k/a American Home Products Corporation, <br> *et al.*, <br><br>     Defendants. | Case No. 4:06CV00289 ERW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) [ECF No. 22].

Defendants move to transfer this action to the United States District Court for the District of Arizona, asserting that the action could have originally been brought in the District of Arizona, and that the convenience of the parties, witnesses and the Court, as well as the interests of justice, will be better served by the requested venue transfer. In their Response, Plaintiffs state that they do not oppose Defendants' Motion[1] [ECF No. 27].

---

[1]The Court notes that, following Defendants' removal of this matter from State court pursuant to 28 U.S.C. §1441(b), Plaintiffs filed a Motion to Remand on March 15, 2006, asserting that the Court lacked jurisdiction because, among other things, Defendants' removal was not timely [ECF No. 9]. Prior to any ruling on this motion, however, Plaintiffs' case, along with several companion cases, was transferred by the Judicial Panel on Multidistrict Litigation (JPML) to the hormone replacement therapy multidistrict proceeding in the Eastern District of Arkansas. In its Transfer Order, the JPML stated that remand and other motions not resolved in a transferor court as of the time of the transfer could be presented to and decided by the transferee judge [ECF No. 15]. Plaintiffs have not renewed their Motion to Remand in this matter; rather, their Response indicates that they have abandoned the Motion. When presented with Renewed Motions to Remand in companion cases, this Court granted the plaintiffs' motions, finding that the defendants' untimely filing of removal notices foreclosed their right to remove. *See Devalk v. Wyeth,* No. 4:06CV272 ERW (E.D. Mo. July 13, 2012) (memorandum and order); *Wright-*

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) [ECF No. 22] is **GRANTED**. This action is transferred to the United States District Court for the District of Arizona.

Dated this   30th   day of July, 2012.

/s/ E. Richard Webber
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

---

*Basch v. Wyeth*, No. 4:06CV00278 ERW (E.D. Mo. July 13, 2012) (memorandum and order); *Johnson v. Wyeth*, No. 4:06CV00286 ERW (E.D. Mo. May 18, 2012) (memorandum and order). By their Response, Plaintiffs indicate that they no longer oppose this Court's exercise of jurisdiction in this matter. As the parties bringing this action, Plaintiffs are the masters of their claim, and may decide what law upon which they will rely. *Caterpillar, Inc. v. Williams*, 482 U.S. 318, 392 (1987). Given that the prerequisites to jurisdiction in accordance with 28 U.S.C. § 1332 are otherwise satisfied, this Court has authority to transfer this matter per the parties' mutual consent.